Clarence A. Boddie v. Commissioner.
Boddie v. Commissioner
Docket No. 80241.
United States Tax Court
T.C. Memo 1961-72; 1961 Tax Ct. Memo LEXIS 276; 20 T.C.M. (CCH) 350; T.C.M. (RIA) 61072; March 16, 1961
*276 The cost of a new furnace and heating system installed in petitioner's rental property held to be a capital expenditure and not an ordinary and necessary repair expense. Sec. 263(a)(2), I.R.C. 1954, applied. Clarence A. Boddie, pro se, 1419 Washington *277 Ave., Alexandria, Va., Fred J. Lotz, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioner's income taxes for the calendar years 1956 and 1957 in the respective amounts of $208.26 and $570.34. Most of these deficiencies arose as a result of respondent's disallowance of claimed deductions for certain medical expenses and the cost of repairing petitioner's rental property. Respondent also corrected the alleged erroneous computation by petitioner of his tax liability for the taxable year 1957. In his petition the taxpayer does not dispute the correctness of the respondent's recomputation for the taxable year 1957, but he does dispute the mathematical accuracy of, or the choice of rates for, the respondent's calculation for the taxable year 1956. Petitioner has not assigned error in respondent's disallowance of certain medical expenses. At the trial of this proceeding petitioner stated that he agreed to "practically everything" except the disallowance of the deduction for repairs. The issues apparently remaining for our decision are: (1) Whether the respondent correctly computed the petitioner's income *278 taxes for the taxable year 1956; and (2) whether respondent correctly determined that the cost of the heating system installed in petitioner's rental property was a capital expenditure and not a repair item deductible as an ordinary and necessary expense. Findings of Fact Some of the facts have been stipulated by the parties. The stipulated facts are so found and the stipulation, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner, Clarence A. Boddie, is an individual and represents himself in this proceeding. He resides with his wife at Alexandria, Virginia. He filed separate income tax returns for the calendar years 1956 and 1957 with the district director of internal revenue, Richmond, Virginia. Prior to and during the taxable years in issue petitioner owned a rental house in Wilkinsburg, Pennsylvania. This house, which once served as petitioner's residence, was rented prior to and during the years in issue. It was heated by a hot-water radiator system connected to a coal-burning furnace, which petitioner himself installed in 1932. Petitioner's cost or other basis for the house was $9,000 and in each of the years in issue he *279 deducted 3 percent of the basis, or $270 annually, for depreciation on his Federal income tax returns. The furnace had "rusted out" and become completely inoperable prior to November 1955. The rusting process was accelerated by the combination of sulphur dioxide from neighboring steel mills with moisture in the atmosphere. Petitioner's tenant further contributed to the ultimate loss of the entire heating system by dismantling, without permission from petitioner, all of the radiators connected to the heating system and placing them in the cellar for the purpose of giving himself more living space. In November 1955 petitioner was notified that the tenant had vacated the premises, and upon making an immediate personal inspection he found that the house was unrentable due to the lack of a heating system. Petitioner could have purchased a new coal furnace for $575, but the added cost of installing new radiators would have made the overall costs of the entire system exceed that of a new gas furnace and accompanying hot-air heating system. The old radiators were a total loss for the petitioner did not have the facilities necessary to provide the pressure needed to correctly assemble them *280 and to make the joints watertight. Adopting the least expensive approach, petitioner installed the hot-air gas furnace in 1956 at a cost of $730. The new hot-air system, unlike the old hot-water system, did not extend to the second floor except to the bathroom. Respondent, in determining the deficiencies herein, allowed to petitioner in each of the years depreciation on the new furnace in the amount of 10 percent of its cost. The petitioner had previously rented his house for $50 per month. After installing the new furnace he rented the house for $35 per month. He had difficulty finding tenants as a result of economic conditions in the area, and he decided to take a lesser rent rather than have the house remain unoccupied. The gas-furnace heating system has operated satisfactorily since its installation. The new furnace and heating system have a useful life in excess of 1 year. The entire system constitutes a substantial replacement of the old furnace and heating system. Opinion KERN, Judge: The primary issue in this case is whether the disallowed deduction was a nondeductible but depreciable capital expenditure or was a repair item deductible as an ordinary and necessary expense, *281 either of a trade or business under section 162(a), or for the maintenance or conservation of property held for the production of income under section 212 of the Internal Revenue Code of 1954. [1]
The petitioner contends that the installation of the heating system did not increase the value of the property or prolong its life, but merely restored the property to an ordinarily efficient operating condition. Petitioner argues that the capital expenditure was made in 1932, and the expenditure in 1956 merely restored the property to its 1932 operative condition. The petitioner further contends that there are special circumstances in his case which bring the expenditure within the general category of repairs. The respondent contends that the *282 expenditure for the furnace and heating system installed by petitioner was not an incidental repair expense but a substantial replacement which added to the value of the house, and, having a useful life in excess of 1 year, must be capitalized. See W. B. Harbeson Lumber Co., 24 B.T.A. 542. Petitioner, in 1955, found himself the owner of an untenanted house with a rusted-out furnace. To rent the house he needed to install a new furnace. While a coal furnace similar to the old one might have been the most economical purchase, the cost of replacing the radiators rendered useless through the action of the tenant increased the overall cost to such an extent that it became economically expedient to choose a different type of heating system altogether rather than to replace the old one in kind. The fact that the new heating system is inferior or superior to its predecessor is not a controlling fact in this case. We think that the significant factor in this case is that for all practical purposes there was in November 1955 no furnace or heating system in petitioner's rental property which could be repaired. The old hot-water furnace and radiators were parts of this property *283 as to which petitioner's basis was $9,000 and upon which petitioner had been allowed depreciation deductions for "exhaustion, wear and tear." In November 1955 the furnace and heating system were exhausted and worn out. As petitioner's actions indicated, they required more than repairs; it was necessary to replace them. Petitioner replaced or restored important but exhausted parts of his property upon which allowances for depreciation had been made. Therefore, under the provisions of section 263(a)(2), [2] we decide this issue in favor of respondent. Petitioner also contended in his petition that the computation of his 1956 taxes by respondent was erroneous from a technical or mathematical standpoint. Petitioner introduced no evidence to sustain this contention and does not refer to it on brief. We sustain the respondent on this issue if it be an issue. *284 Decision will be entered for the respondent. Footnotes
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * *
(2) for the management, conservation, or maintenance of property held for the production of income; or * * *↩
2. SEC. 263. CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - * * *
(2) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made.↩